| | |
|---|---|
| EUGENE DIGIOVACCHINO, JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PIPEFITTERS LOCAL UNION NO. 274, JOHN WENDE, JR., and<br><br>JOHN DOE I THROUGH X (fictitious parties),<br><br>　　　　　　　　Defendants. | Civ. No. 2:18-cv-09000 (MCA)(CLW)<br><br>**REPORT & RECOMMENDATION** |

**WALDOR, Magistrate Judge,**

　　This matter comes before the Court by way of referral from the Honorable Madeline Cox Arleo to issue a report and recommendation regarding Plaintiff Eugene DiGiovacchino's Motion to Remand and for Attorneys' Fees (ECF No. 7) and Defendants Pipefitters Local Union No. 274 and John Wende's Opposition (ECF No. 11). The Court declined to hear oral argument pursuant to Rule 78 and as set forth more fully below, the Court recommends the Motion to Remand be **GRANTED** and the attendant Motion for Attorneys' Fees be **DENIED.**

## I.　BACKGROUND

　　Plaintiff first filed this action in Essex County Superior Court on April 6, 2018, alleging that Defendants violated the New Jersey Law Against Discrimination ("NJLAD"). (*see generally* Compl., ECF No. 1-1). Plaintiff was a member of Defendant Pipefitters Local Union No. 274 ("Local 274") from 2004 through July 2016, at which point he was allegedly constructively discharged. (Compl. ¶ 7). According to Plaintiff, Defendant John Wende was Plaintiff's business agent and controlled the allocation of union pipefitting jobs for Plaintiff and other union members. (Compl. ¶ 3).

Plaintiff alleges that over the course of twelve years, members of Defendant Local 274 created a hostile work environment by subjecting Plaintiff to pervasive verbal harassment, threats, and physical violence because of his perceived sexual orientation. (Compl. ¶¶ 8-21). Plaintiff also asserts that Defendant John Wende caused his constructive discharge. Wende allegedly "kicked [Plaintiff] out of the union because of his perception that Plaintiff was gay," and threatened to "bury [Plaintiff] under a pipe" if Plaintiff did not "stop paying [his] union dues and leave." (Compl. ¶¶ 25-26). Plaintiff pleads two counts of NJLAD violations and seeks relief under NJLAD, including compensatory and punitive damages, reinstatement, and attorneys' fees. (Compl. ¶¶ 36, 49).

On May 9, 2018, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441. (Notice of Removal, ECF No. 1). Defendants' bases for removal were the Labor Management Relations Act and National Labor Relations Act. Defendants contend that these statutes confer federal jurisdiction over Plaintiff's complaint, because his state law claims are "inextricably intertwined with [his] membership in a labor union and his employment under the terms and conditions…in collective bargaining agreements." (*Id*. at 6). On June 4, 2018, Plaintiff filed his Motion to Remand and For an Award of Attorneys' Fees. (ECF No. 7). Plaintiff argues that Defendants' removal was improper because the federal labor statutes do not completely preempt his claims. Defendants filed their Opposition on July 2, 2018. (ECF No. 11). On July 9, 2018, Plaintiff filed a Reply. (ECF No. 14). The Court concludes that neither the LMRA nor the NLRA completely preempt Plaintiff's NJLAD claims. Consequently, there is no federal jurisdiction over this action, and its removal was improper.

## II. LEGAL STANDARD

The federal removal statute provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed…to the district courts of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the… laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Parrish v. ARC of Morris Cty., LLC*, 193 F. Supp. 3d 425, 430 (D.N.J. 2016).

The party asserting "jurisdiction bears the burden of showing at all stages of the litigation that subject matter jurisdiction is proper in the federal court." *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 597 (D.N.J. 2014). The federal removal statute should be "strictly construed against removal…[and] all doubts should be resolved in favor of remand." *Id.* There is a "presum[ption] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Id.* at 598 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

## III. DISCUSSION

### A. PREEMPTION UNDER THE LMRA

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). A complaint that "facially asserts only state law causes of action against the Defendants…[o]rdinarily would present an easy case for remand." *DeJoseph*, 18 F. Supp. 3d at 599.

The complete preemption doctrine is an exception to this rule, and Defendants argue that this exception applies to the Complaint here. (Def.'s Opp., ECF No. 11 at 4). There are areas where the "the preemptive force of a statute is so extraordinary that it converts an ordinary state common-

law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc.*, 482 U.S. at 393 (internal quotations omitted). The Supreme Court has held that Section 301 of the LMRA possesses this preemptive force. *Id.* Section 301 provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter… may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

However, Section 301 of the LMRA does not apply here. As the Third Circuit explained, "claims based squarely on a collective bargaining agreement or requiring analysis of its terms are pre-empted by section 301 and are removable to the federal courts," while claims "that are independent of a collective bargaining agreement" are not. *Antol v. Esposto*, 100 F. 3d 1111, 1117 (3d Cir. 1996) (internal citations omitted). Plaintiff's NJLAD claims belong in the latter category. "[I]t is now well settled law that…a claim asserted under the NJLAD" is not completely preempted by the LMRA, because "both the existence and the scope of plaintiff's state law discrimination claims under the NJLAD are derived independently from state law, and not from the obligations assumed by the parties under [a CBA]." *Boone v. Local Union 475 Pipefitters/Steamfitters*, No. CV 16-5482 (JLL), 2016 WL 7325472, at *2 (D.N.J. Dec. 16, 2016) (quoting *Carrington v. RCA Global Commc'ns, Inc.*, 762 F. Supp. 632, 641 (D.N.J. 1991)). Thus, "there is no dearth of cases addressing the LMRA's lack of preemptive effect on the NJLAD among District of New Jersey courts." *Tarby v. B.J. McGlone & Co.*, No. CV 16-1367 (NLH/AMD), 2016 WL 7217596, at *4 (D.N.J. Dec. 13, 2016) (collecting cases).

Because the instant action falls squarely within this precedent, this Court does not have jurisdiction over Plaintiff's claims. The Complaint asserts two counts, both for violations of the

NJLAD, and pleads facts related to Defendants' discrimination based on Plaintiff's perceived sexual orientation. Plaintiff seeks relief exclusively under the NJLAD. As Plaintiff correctly notes, "nothing in [the complaint] states or implies that [Defendants] violated…any collective bargaining agreements," and Plaintiff "seeks to enforce his rights under the [NJLAD] independent and apart from his bargained-for employment conditions." (Pl.'s Br., ECF No. 7-4 at 3, 9). The Court finds no reason to depart from the well-settled proposition that defendants cannot use Section 301 of the LMRA as a basis for the removal, when the complaint does not implicate a CBA.

### B. PREEMPTION UNDER THE NLRA

Defendants next argue that the NLRA preempts Plaintiff's NJLAD claims, because the Union's statutory duty of fair representation under the NLRA "displaces" the Union's obligations to Plaintiff under the NJLAD. (Def.'s Opp., ECF No. 11 at 5). However, Defendants cannot use the NLRA to create federal jurisdiction over state law claims. The NLRA "does not completely preempt state law and thus provide[s] no basis for removal jurisdiction." *Boone*, 2016 WL 7325472 at *2 (quoting *Briones v. Bon Secours Health Sys.*, 69 Fed. Appx. 530, 534-35 (3d Cir. 2003)). Although Defendants may invoke preemption under the NLRA as a defense in state court, NLRA preemption "is not the type of *complete* preemption that would provide Defendants with a basis for federal question jurisdiction." *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 262–63 (3d Cir. 2004). Therefore, Defendants' removal of this action pursuant to the NLRA is also improper.

### C. EXHAUSTION OF PLAINTIFF'S CLAIMS

Finally, Defendants assert that Plaintiff did not exhaust his remedies under the CBA before initiating this action. (Def.'s Opp., ECF No. 11 at 9). According to Defendants, Plaintiff is required to exhaust these remedies prior to bringing an LMRA claim. (*Id.* at 11). However, as discussed above, Plaintiff asserts exclusively NJLAD causes of action. In any event, the LMRA's exhaustion

requirements have no bearing on the question of federal jurisdiction. In fact, Defendants argue in their Opposition that Plaintiff's failure to exhaust warrants the dismissal of Plaintiff's complaint, rather than removal of this action to federal court. (*Id*. at 12).

### D.  *PLAINTIFF'S REQUEST FOR FEES AND COSTS*

Plaintiff's request for fees or costs under 28 U.S.C. § 1447(c) is denied. In exercising its discretion under § 1447(c), the Court looks to whether Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' basis for removal was not unreasonable, given the complexities of preemption doctrines. *See Tarby,* 2016 WL 7217596, at *4 (declining to award fees or costs to Plaintiffs for the improper removal of NJLAD claims, because LMRA complete preemption doctrine "is not simple."). Plaintiff's request for sanctions under Fed. R. Civ. P. 11 is likewise denied.

### IV.  CONCLUSION

For the foregoing reasons, the Court recommends that the Motion to Remand be **GRANTED** and the corresponding Motion for Attorneys' Fees and for Sanctions is **DENIED.** Accordingly, ECF No. 7 shall be terminated upon adoption of this Report and Recommendation.

Pursuant to Local Rule 72.1(c)(2), parties have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

**Dated:** October 3, 2018

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
